**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RICHARD GALLEGOS, JR.**                                        **CIVIL ACTION**

**VERSUS**                                                                         **NO. 08-1393**

**SHERIFF JACK STRAIN, ET AL.**                        **SECTION: "A"(1)**

**REPORT AND RECOMMENDATION**

Plaintiff, Richard Gallegos, Jr., a state prisoner, filed this *pro se* and *in forma pauperis* complaint against Sheriff Jack Strain, Warden Core, Loreto Migiliore, Deputy Hoover, St. Tammany Parish, and an unidentified arresting officer. A Spears hearing was held on April 24, 2008, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] At that hearing, he was sworn and his testimony was recorded. Based on his complaint and the Spears hearing testimony, and taking

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

judicial notice of plaintiff's related cases filed in this Court,[2] the Court finds that plaintiff is making the following allegations in this civil action.

In 2004, plaintiff was arrested for his third offense of driving while intoxicated in violation of La.Rev.Stat.Ann. § 14:98. He subsequently pleaded guilty to that charge while reserving his right to appeal pursuant to State v. Crosby, 338 So.2d 584 (La. 1976). While his appeal was pending, plaintiff was released on bond. On December 22, 2005, the Louisiana First Circuit Court of Appeal affirmed plaintiff's conviction and sentence,[3] and he was ordered to surrender to begin serving his sentence. When plaintiff failed to surrender, allegedly because he was unaware of the order for him to do so, a warrant was issued for his arrest.

On March 7, 2007,[4] plaintiff once again ran afoul of the law, and he was arrested for a felony and eight misdemeanors. The following day, he was transported to the St. Tammany Parish Jail and placed in a holding cell. For approximately one week, he remained in that allegedly overcrowded holding cell with more than twenty other prisoners and without a bed or mattress for sleeping.

On March 13, 2007, with the assistance of bondsman Loreto Migiliore, plaintiff posted bail on his most recent charges. However, after posting bail but before being permitted to leave, he was

---

[2] Plaintiff is a frequent litigant in this Court. At least two of his prior civil actions concern the same facts on which the instant claims are partially based: Gallegos v. State of Louisiana, Civil Action No. 07-3137 "K"(6), and Gallegos v. Strain, Civil Action No. 07-3367 "R"(1). "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

[3] State v. Gallegos, 920 So.2d 1001 (La. App. 1st Cir. Dec. 22, 2005) (Table).

[4] In the complaint, plaintiff stated that this arrest occurred in March of 2006; however, at the Spears hearing, he testified that he was mistaken and that it in fact occurred in March of 2007.

arrested based on the outstanding warrant stemming from the 2004 conviction and immediately reincarcerated. He currently remains in jail.

## Mandatory Screening

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[5]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

---

[5] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

3

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

Broadly reading plaintiff's complaint,[6] and fully considering his Spears hearing testimony, the Court finds that, for the following reasons, plaintiff's claims should be dismissed as frivolous, malicious, and/or for failing to state a claim on which relief may be granted.

## Conditions of Confinement Claims

Plaintiff's claims concerning the conditions of his brief confinement in the holding cell in March of 2007 are barred because he failed to exhaust his administrative remedies before filing suit. Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(e). The United States Supreme Court has held that this exhaustion requirement "applies to *all* inmate suits about prison life, whether they involve general circumstances or particular

---

[6] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (emphasis added). Exhaustion is *mandatory* in cases covered by § 1997e(a). Id. at 524.

From the face of the complaint, it is evident that plaintiff did not exhaust his administrative remedies with respect to his claims regarding the conditions of his confinement. He expressly stated in his complaint that the St. Tammany Parish Jail has a prisoner grievance procedure and that he did not file an administrative grievance regarding his claims.[7] Accordingly, the undersigned recommends that plaintiff's claims regarding the conditions of his confinement in the holding cell be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

In making that recommendation, the undersigned specifically notes that Jones v. Bock, 127 S.Ct. 910 (2007), does not dictate a different result. In Jones, the United States Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 921. "Under Jones, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to

---

[7] Rec. Doc. 1, p. 3. At the Spears hearing, plaintiff stated that he did not file an administrative grievance "after the fact" because he did not believe that any appropriate form of relief could then be afforded through the grievance procedure. However, the Supreme Court has specifically held that "an inmate must exhaust *irrespective of the forms of relief sought and offered through administrative avenues*." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (emphasis added). Further, the United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

5

exhaust." Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007). As noted, in the instant case, the undersigned's recommendation is not based on a mere failure to plead or demonstrate exhaustion. Rather, plaintiff expressly stated in his complaint that he did *not* exhaust his administrative remedies.[8]

### Arrest After Posting Bail

Plaintiff also complains that Deputy Hoover and Loreto Migiliore conspired to violate plaintiff's rights by allowing him to post bail for the 2007 charges without informing him that he would thereafter be arrested based on warrants stemming from the 2004 proceedings.[9] However, even if the Court were to assume (1) that there is any evidence whatsoever that Hoover and Migiliore knew of the outstanding warrants prior to plaintiff posting bail, (2) that plaintiff had stated a proper conspiracy claim,[10] and (3) that Migiliore could be considered a state actor,[11] plaintiff's

---

[8] In any event, the undersigned also notes that any recovery for compensatory damages on these claims would be barred by 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In the complaint, plaintiff failed to specify any physical injury resulting from the conditions of his confinement in the holding cell and, upon questioning, could identify none at the Spears hearing. Without physical injury, § 1997e(e) would preclude plaintiff from recovering compensatory damages. Hutchins v. McDaniels, 512 F.3d 193, 196 (5th Cir. 2007). Further, any request for declaratory or injunctive relief with respect to these claims is now moot, in that plaintiff was long ago transferred from the holding cell. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

[9] There were purportedly *two* warrants stemming from the 2004 criminal proceedings. Early in those proceedings, an arrest warrant was issued when plaintiff failed to appear; however, when he appeared the following day, that warrant was recalled. He was ultimately convicted on the charge, and then another arrest warrant was issued when he failed to appear for sentencing. That warrant was still in effect at the time of his arrest in 2007.

[10] Plaintiff has not in fact stated a proper conspiracy claim. Where, as here, a plaintiff offers nothing more than conclusory allegations of a conspiracy, he has failed to state a § 1983 cause of

6

underlying claim is frivolous. Plaintiff has identified no provision of law, and this Court is aware of none, that would have required Hoover and Migiliore to warn plaintiff of the outstanding warrants before allowing him to post bail on the 2007 charges.

### La.C.Cr.P. art. 230.1

Plaintiff next complains that he was not afforded a "seventy-two hour hearing" after being arrested on the outstanding warrants stemming from the 2004 criminal proceedings. Plaintiff is referring to the requirements found in La.C.Cr.P. art. 230.1, which provides:

> A.  The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two-hour period referred to herein. The defendant shall appear in person unless the court by local rule provides for such appearance by telephone or audio-video electronic equipment. However, upon a showing that the defendant is incapacitated, unconscious, or otherwise physically or mentally unable to appear in court within seventy-two hours, then the defendant's presence is waived by law, and a judge shall appoint counsel to represent the defendant within seventy-two hours from the time of arrest.
>
> B.  At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The

---

action. Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985).

[11] Only persons "acting under color of state law" may be held liable in a federal civil rights action. 42 U.S.C. § 1983. A private bondsman, such as Migiliore, generally is not a state actor. See, e.g., Murillo v. Liz and Stan Bail Bonds, Inc., 138 Fed. App'x 868, 869 (8th Cir. 2005); Housley v. Williams, No. 92-6191, 1993 WL 76250, at *2 (10th Cir. Mar. 12, 1993); Leverton v. Garner, Civil Action No. G-05-295, 2006 WL 1350243, at *2 (S.D. Tex. May 15, 2006). Of course, a private individual can be liable under § 1983 for engaging in a conspiracy with state actors. See Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988); see also Mowbray v. Cameron County, Texas, 274 F.3d 269, 278 (5th Cir. 2001) ("[I]t is possible, in limited circumstances, to allege a § 1983 conspiracy claim against a private actor ...."). However, as noted in *supra* note 10, plaintiff has not stated a proper conspiracy claim.

      court may also, in its discretion, determine or review a prior determination of the amount of bail.

C.      If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released forthwith.

D.      The failure of the sheriff or law enforcement officer to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant.

Plaintiff testified at the Spears hearing that he received a "seventy-two hearing" with respect to the 2007 charges; his claim here is only that he received no such hearing with respect to his arrest on the warrants from the 2004 criminal proceedings. However, for the following reasons, the undersigned finds that plaintiff was not entitled to such hearing concerning that arrest.

Although this Court has located no cases addressing the instant factual scenario under article 230.1, there is a strikingly similar case which arose under the analogous Fed.R.Crim.P. 5(a): MacNeil v. Gray, 158 F.Supp. 16 (D. Mass. 1957).[12] In that case, the plaintiff had likewise been convicted and released pending appeal. When his conviction was affirmed, he was ordered to comply with the sentence but he failed to do so. An arrest warrant was then issued, and he was in fact arrested based on that warrant. He then complained that his rights were violated because he was not afforded a Rule 5(a) hearing. The court rejected that claim, holding:

      The contention that [the marshal] should have taken [the plaintiff] before the United States Commissioner in Boston is frivolous. When a person had been adjudicated a criminal and his attendance is required for further proceedings, he may be arrested pursuant to a bench warrant. There is no occasion to bring him before a commissioner, and there is nothing for a commissioner to hear or decide. Rule 5(a)

---

[12] The Louisiana Supreme Court has expressly noted that federal case law concerning Fed.R.Crim.P. 5(a) is persuasive authority for courts interpreting article 230.1. Frank v. City of Ville Platte, 730 So.2d 887, 889 (La. 1999).

8

of the Federal Rules of Criminal Procedure, 18 U.S.C., governing arrest on a complaint and before trial, is patently inapplicable.

Id. at 18; cf. United States v. Harrison, 461 F.2d 1127 (5th Cir. 1972) (Fed.R.Civ.P. 5(a) found to be inapplicable to persons arrested under a parole violator warrant "because a parole violator is not technically 'arrested' as Rule 5(a) contemplates"; rather, the parole violator "is merely placed in actual custody rather than allowed constructive custody under a parole status.").

Based on this persuasive authority, the undersigned concludes that article 230.1 is simply inapplicable in the instant situation where plaintiff was arrested pursuant to a bench warrant when he failed to appear for sentencing. Accordingly, plaintiff's claim should be dismissed as frivolous.

## Arresting Officer

In the complaint and at the Spears hearing, plaintiff indicated that he wished to pursue a claim against the unidentified officer who arrested him based on the outstanding warrants. Plaintiff's claim against the arresting officer should be dismissed as both malicious and frivolous.

The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted). Repetitious litigation may be dismissed as malicious when the plaintiff is asserting virtually identical causes of action as were asserted by him in a pending or previous lawsuit. Id. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

9

The instant claim against the arresting officer is the same as or substantially similar to the false arrest claim asserted against Sheriff Jack Strain in Civil Action No. 07-3367 and arises from the same series of events.  Although the unidentified arresting officer was not named as a defendant in the prior action, duplicative claims may be subject to dismissal as malicious even if brought against a defendant not named in the previous litigation.  <u>Bailey</u>, 846 F.2d at 1021. Therefore, plaintiff's instant false arrest claim is subject to dismissal as malicious.  <u>See</u> <u>id</u>.

Moreover, as noted in that prior case, the underlying false arrest claim is frivolous.[13] Plaintiff was arrested based on two warrants stemming from his 2004 criminal proceeding.  At the time of that arrest, one of those warrants had purportedly been recalled.  However, plaintiff acknowledged that the *other* warrant was still in effect, and that fact is fatal to his false arrest claim. The United States Fifth Circuit Court of Appeals has noted:

> The claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, we focus on the validity of the arrest.  If there was probable cause for any of the charges made ...[,] then the *arrest* was supported by probable cause, and the claim for false arrest fails.

<u>Wells v. Bonner</u>, 45 F.3d 90, 95 (5th Cir. 1995) (emphasis in original).  Therefore, irrespective of any defects concerning the allegedly recalled warrant, plaintiff's arrest was nevertheless valid because the second warrant, which he has conceded was still outstanding at time of his arrest, constituted probable cause for his arrest.  <u>See</u> <u>Johnson v. Diaz</u>, Civil Action No. 92-3720, 1995 WL 491144, at

---

[13] Plaintiff was in fact denied leave to amend his complaint in Civil Action No. 07-3367 to name the arresting officer as a defendant because the false arrest claim was frivolous. <u>Gallegos v. Strain</u>, Civil Action No. 07-3367 (E.D. La. Feb. 27, 2008) (Rec. Doc. 16).  Rather than appealing that ruling, plaintiff has attempted to circumvent the proper procedure by simply filing another lawsuit.

*2 (E.D. La. Aug. 15, 1995); see also United States v. McDonald, 606 F.2d 552, 553-54 (5th Cir. 1979).

Proposed Amendments

At the Spears hearing, plaintiff noted that he wished to make two additional amendments to the complaint. For the following reasons, even if the complaint is deemed to include the proposed amendments, the additional claims must be dismissed as frivolous.

First, plaintiff stated that he wished to amend the complaint to add claims against the officers in charge at the time of his arrest on the 2004 warrants and during the period he was not afforded a "seventy-two hearing." For the reasons previously noted, the underlying claims are frivolous, in that plaintiff was neither falsely arrested nor entitled to a "seventy-two hour hearing." Moreover, even if his rights had been violated, *which they were not*, the supervisory officials could not be held liable based solely on their positions. "Section 1983 does not create supervisory or *respondeat superior* liability." Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Simply put, an official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

Second, plaintiff stated that he wished to amend the complaint to add as a defendant the insurance company for Loreto Migiliore's bonding company. The insurance company is not a proper defendant in a § 1983 action. Wagner v. Washington County, 493 F.3d 833, 836 (7th Cir. 2007); Brunner v. McKillip, 488 F.Supp.2d 775, 780 (W.D. Wis. 2007). Moreover, in any event, because plaintiff's claim against Migiliore is frivolous, plaintiff would have no claim against the insurer.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims regarding the conditions of his confinement be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

It is **FURTHER RECOMMENDED** that plaintiff's remaining claims be dismissed with prejudice as pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of April, 2008.

_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE